UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>HON. WARREN C. STRANCENER et al,<br><br>Defendants. | No. 2:24-cv-0470-TLN-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to Magistrate Judge Deborah Barnes and reassigned to the undersigned on August 6, 2024. ECF Nos. 1, 3. Plaintiff has filed what he asserts is a motion for leave to proceed in forma pauperis ("IFP"). ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

The purported IFP motion is in fact a form order for granting or denying such IFP motion, and lacks the financial information required to support such a motion. *See* ECF No. 2. In order to proceed, Plaintiff must submit a complete IFP application or pay the filing fee.

**I. LEGAL STANDARD**

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute,

1

however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

1  556 U.S. 662, 678 (2009).

2      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
3  state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
4  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
5  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
6  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
7  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
8  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.    COMPLAINT AND MOTION

10      Plaintiff purportedly brings this action under *Bivens v. Six Unknown Named Agents of*
11  *Federal Bureau of Narcotics* and 42 U.S.C. § 1983, alleging the deprivation of constitutional
12  rights by both federal officers and "[s]tate or local officials". ECF No. 1 at 3; 403 U.S. 388
13  (1971). He names as Defendants Judge Warren Strancener, Judge Kenneth Melikian, Greg Hahn,
14  Judge Vicky Ashworth, Jame Pesce, Judge Mark A. Ralphs, Michael McLaughlin, Tracy
15  Barbour, and District Attorney Kassie Cardullo. *Id.* at 1-3, 16.

16      Although the Complaint contains various asides that obscure the allegations therein, it
17  alleges that he was an "artisan" subject to "accusations" that affected his quality of life. *Id.* at 4.
18  Plaintiff cites *Murray v. Carrier* to argue that Judge Ralphs finding him guilty of the accusations
19  was a "fundamental miscarriage of justice[.]" *Id.* at 3-4 (quoting 477 U.S. 478, 495 (1986)).
20  Plaintiff attributes various injuries to this conviction, including but not limited to (1) an August
21  2014 stroke with estimated damages of $500,000; (2) having to live in a pickup truck parked in a
22  mini-mall; (3) the death of his two dogs at the hands of "ignorant" people during this period; and
23  (4) hypertension from the stress of living such a life. ECF No. 1 at 4-5. Based on these
24  allegations, Plaintiff seeks damages of $2,000,500,000, plus $30,000 per day since July 26, 2021.
25  *Id.* at 4-5.

## III.    ANALYSIS

27      Instead of a motion detailing Plaintiff's current expenses and finances, he submits a form
28  order for granting or denying such an IFP, as applicable in various circumstances. *See generally*

ECF No. 2. Plaintiff submits no information about his current financial situation. Plaintiff's application to proceed IFP fails to demonstrate any financial burden. ECF No. 2. While the Complaint alleges severe prior financial harm, Plaintiff has not demonstrated that he currently does not have the resources to pay filing fees in this action. *See* 28 U.S.C. § 1915(a)(1).

Leave to proceed *in forma pauperis* is denied without prejudice. Should Plaintiff seek to proceed in this action, he must either pay the filing fee or file a completed IFP application within 30 days. Such application should detail Plaintiff's current assets, income, and expenses by category, as to demonstrate that Plaintiff cannot pay the filing fees for this action. *See* 28 U.S.C. § 1915(a)(1).

While the Court has not yet formally screened the Complaint, Plaintiff is further cautioned that his Complaint appears to fail to state a claim and to be duplicative of a case that was previously dismissed by this Court, *Van den Heuvel v. Strancener, et al.*, 2:23-cv-00278 (closed Nov. 17, 2023). Plaintiff may wish to consider whether he can in fact state a claim on which relief can be granted based on the incidents at the heart of the Complaint.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is DENIED with leave to reapply within 30 days or pay the required filing fee.
2. The Clerk of the Court is instructed to provide Plaintiff a blank IFP application form.

DATED: August 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4